IN THE UNITED STATES DISTRICT OF TEXAS
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT N. NEZ, <br> PLAINTIFF | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> CIVIL ACTION NO. 4:22-cv-617 <br> JURY TRIAL REQUESTED |
| VS. | | |
| UNITED STATES OF AMERICA, <br> DEFENDANT | | |

**PLAINTIFFS' ORIGINAL COMPLAINT – FEDERAL TORT CLAIMS ACT**

**ROBERT N. NEZ**, plaintiff, by and through her attorneys, McCormick Law Firm, now come before this Court and complains of the United States of America, as follows:

## I.
## PARTIES

1. Robert N. Nez is an individual residing in Delta County, Texas, and thus is a resident of the Eastern District of Texas.

2. The Defendant is the United States of America.  The Defendant may be served with summons upon, Brit Featherston, agent for service of process for the United States Attorney for the Eastern District of Texas, 601 East Taylor Street Suite 2000 Sherman, Texas 75090.

## II.
## JURISDICTION AND VENUE

3. The claims herein are brought against The United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. §1346(b) for money damages as compensation for loss of property and personal injuries that were caused by the negligent

and wrongful acts and omissions of employees of the United States of America while acting within the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

4. Venue is proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts and omissions forming the basis of this suit occurred in Delta County, Texas, which is within the Eastern District of Texas – Sherman Division.

5. Plaintiff requests a trial by jury.

## III.

## CONDITIONS PRECEDENT

6. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on the appropriate Federal Agency.

8. The appropriate Federal Agency failed to make a final disposition of Plaintiffs' claims within six months after Plaintiffs' claims were filed, and such failure is deemed by Plaintiffs to be a final denial pursuant to 28 U.S.C. §2675.

## IV.

## SUMMARY

9. On October 27, 2020, Plaintiff was traveling in his vehicle in a lawful manner when he was struck violently on the front passenger's quarter panel by the 2021 Mercedes-Benz Metris Postal Vehicle owned by the United States Postal Service and operated by Charlotte Moran. On the day in question the United States Postal Service vehicle was exiting a private

driveway and failed to yield the right of way in Cooper, Delta County, Texas, Ms. Moran failed to yield the right of way from a private driveway and struck the back driver's quarter panel of Plaintiffs' vehicle, and her inattention and failure to yield the right of way in a private driveway was noted as a contributing factor on the crash report.

## V.
## COUNT I – NEGLIGENCE

10. Plaintiffs incorporate by reference herein all allegations set forth above.

11. On October 27, 2020, Plaintiff was traveling in a 2003 GMC Envoy in a lawful manner while traveling eastbound on East Terrell St in Delta, TX.

12. Charlotte Moran was traveling from a private driveway onto East Terrell in Delta, TX.

13. At all times relevant hereto, Charlotte Moran was acting within the course and scope of her office and employment with Defendant the United States of America, specifically as a member of the United States Postal Service.

14. Charlotte Moran operated the vehicle in a negligent manner and violated the duty which she owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects:

    a.  in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.  in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.  in failing to turn the vehicle in an effort to avoid the collision in question;

    d.  in failing to sound horn to warn of imminent danger;

    e.  in failing to pay proper attention while driving; and

    f.  in failing to yield the right of way coming from a private driveway.

15. Each of these acts and/or omissions of Charlotte Moran, whether taken singularly or in any combination constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

## VII.
## DAMAGES

16. As a direct and proximate result of the collision and the negligent conduct of the Charlotte Moran, Plaintiffs suffered severe bodily injury to the neck, upper back, lower back, and other parts of body generally. The injuries are permanent in nature and have had a serious effect on Plaintiffs' health and well-being. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental conditions to deteriorate generally, and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

17. As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

18. As a consequence of the injuries sustained by Plaintiffs, they has sustained physical impairment and/or disfigurement. In all reasonable probability, this disability will cause Plaintiffs to suffer long into the future, if not for the balance of their natural lives.

19. Specifically, as a direct and proximate result of the negligent acts of Charlotte Moran, Plaintiffs have endured significant pain and suffering, mental anguish, and physical impairment as a result of the collision in question.  Plaintiffs continue to seek treatment for their injuries sustained in the collision in question.

## VIII.
## PRAYER FOR RELIEF

20. WHEREFORE, Plaintiff is entitled to damages from the United States of America, and they do hereby pray that judgment be entered in their favor and against the United States of America as follows:

    1. Pain and suffering in the past;
    2. Pain and suffering in the future;
    3. Mental anguish in the past;
    4. Mental anguish in the future;
    5. Past medical expenses;
    6. Future medical expenses;
    7. Physical impairment in the past;
    8. Physical impairment in the future;
    9. Physical disfigurement in the past;
    10. Physical disfigurement in the future;
    11. Loss of past wages;
    12. Loss of future wages;
    13. Loss of wage-earning capacity;
    14. Loss of consortium
    15. Property damage; and
    16. Loss of use.

    Plaintiffs further seek any further and additional relief at law or in equity that this Court may deem appropriate or proper.

Respectfully submitted,

**MCCORMICK LAW FIRM, THE INJURY ATTORNEYS**
400 South Industrial Boulevard, suite 200
Euless, Texas 76040
Phone/fax: (832) 413-6936

By: *Danielle L. Fox*
Danielle Fox
Texas State Bar No. 24099883
*email: *DFox@theinjuryattorney.law*
**ATTORNEYS FOR PLAINTIFF**

\*  **service by email to this address only**